UNITED STATES of America, Plaintiff—Appellee,

v.

Taras Leon WYNNE, aka, et al., Defendant—Appellant.

No. 02–16243.

D.C. No. CV–98–02229–LKK, CR–95–0007–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2003.*

Decided March 20, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Taras Leon Wynne appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his sentence for possession of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Because his notice of appeal was not timely, we lack jurisdiction over Wynne's appeal.

The district court filed an order denying Wynne's motion to vacate on August 6, 1999, but did not serve Wynne with the

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order. The district court clerk sent a copy of the order to Wynne on March 13, 2001. Wynne filed a motion for relief from judgment on May 31, 2001, more than two and a half months after he was served with the order. The district court vacated the order and reentered it on June 14, 2001, and Wynne filed his notice of appeal on July 12, 2001.

The notice of appeal was late. Federal Rule of Appellate Procedure 4(a)(6) governs the district court's power to reopen the time to file a notice of appeal. Wynne did not comply with Rule 4(a)(6)(A), which requires that "the motion [be] filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier." Wynne filed his motion for relief from judgment 663 days after the order was entered, and two and a half months after he received notice of the entry.

The district court thus abused its discretion in vacating the order and reentering it to allow the filing of a notice of appeal. "Once the 180–day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgment in order to create a new appeal period." *Mitchell v. Burt Vetterlein & Bushnell PC (In re Stein)*, 197 F.3d 421, 425 (9th Cir.2000) (as amended) (quotations omitted). Federal Rule of Appellate Procedure Rules 4(a) and 77(d) "form a tessellated scheme," and "a district court may not vacate its earlier judgment to avoid the statutorily mandated manner in which an appellant must file a proper notice of appeal." *Id.* at 425–26 (quotations and alterations omitted).

Because the notice of appeal was not timely, we have no jurisdiction over this appeal. *See Nguyen v. Southwest Leasing and Rental, Inc.*, 282 F.3d 1061, 1064 (9th Cir.2002).

DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.